## LAWRENCE HENRY RANDOM v. ELIZA RANDOM.

(163 N. W. 833.)

District court — judge — orders — not discretionary — necessary orders — stay proceedings — to enable appeal — refusal — supreme court judge — may act — judgment — decree — executed in part — prior to appeal — cannot supersede.

Section 7836 of the Compiled Laws of 1913, which provides that "when the court or the judge thereof from which the appeal is taken or desired to be taken shall neglect or refuse to make any order or direction not wholly discretionary, necessary to enable the appellant to stay proceedings upon an appeal, the supreme court, or one of the justices thereof, shall make such order or direction," does not give an intending appellant a right to supersede a portion of a judgment or decree that is executed prior to the taking of an appeal.

Opinion filed July 11, 1917.

Application for the fixing of a supersedeas bond to stay proceedings under a decree of the District Court pending an appeal in a divorce action.

Petition denied.

PER CURIAM: This is an application to the supreme court for an order fixing the sum, terms, and conditions of an undertaking which will operate to stay all proceedings upon the judgment and decree of the district court of the fifth judicial district entered in the above-entitled action on the 3d day of May, 1917. Its main purpose is to stay the operation of that portion of the judgment of the court below which, in an action for divorce between the plaintiff, Lawrence Random, and the defendant Eliza Random, found the issues for the plain-

tiff, Lawrence Random, and awarded to him the sole custody of the minor children, aged eleven, nine, and seven years respectively, together with a permission and direction to such plaintiff, to take the children from the home of the defendant's parents, or from anyone in whose possession they might be, and allowing the plaintiff to keep the said children at his parents' home in the state of North Dakota.

The motion to fix the sum, terms, and conditions of a supersedeas bond is denied, for the reason that the moving papers show that the trial judge did not neglect or refuse to make an order which would enable the appellant to stay proceedings upon the appeal, in so far as any further proceedings might be had under the judgment. It appears that the judgment had been partially executed before the application was made to the district court. Under such facts the appellant is not entitled to have the executed portion of the decree stayed. We do not question the soundness of the moving party's contention that the appellant is entitled, as a matter of right, to have the sum, terms, and conditions of a supersedeas bond fixed by the trial judge, and, in case of his neglect or refusal, by this court or a judge thereof. Comp. Laws 1913, § 7836. We cannot see that the question of the custody of the children is in any way involved in this motion.